IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01582-RPM-CBS

ALEXIS MARIE ACKER,

    Plaintiff,

vs.

TYLER WALKER, Colorado Springs Police Department, individually,

    Defendant.

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

    Plaintiff and Defendants and each Counsel of Record (collectively, the "Parties") stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

    1. In this action, counsel for the Parties are seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a Party ("Producing Party") it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty calendar days after receipt of the transcribed testimony.

4. Confidential material is subject to the following restrictions. Confidential material may be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and must not be disclosed in any way to anyone except:

   a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case;

  (c) the Parties, including Defendants' designated representatives and insurers;

  (d) stenographic reporters who are engaged in proceedings in this action;

  (e) the Court and its employees ("Court Personnel");

  (f) retained expert witnesses and consultants;

  (g) deponents, witnesses, or potential witnesses; and

  (h) other persons by written agreement of the Parties.

  5. For any disclosures under Paragraph 5(f) through (h), the person to whom the Confidential Information is being disclosed must first review a copy of this Protective Order and counsel shall obtain verbal or written agreement from such person that he or she will be bound by its provisions.

  6. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

  7. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 6 above.

  8. If counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If, after such good faith attempt, all counsel for the Parties are unable to resolve their dispute, counsel may move for a disclosure order consistent with this Order. Any motion for disclosure

shall be filed within 14 calendar days of counsel's good faith attempt to resolve the dispute. All disputed Confidential Information shall remain confidential as set forth in paragraph 4 above unless and until disclosure is ordered by the Court.

9. If Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not relieve any Counsel of their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. If a Party intends on introducing Confidential Information at trial, they shall specify under section 9 "Special Issues" of the Proposed Final Pretrial Order the Confidential Information they seek to introduce. The opposing party may move the Court or seek other relief to restrict or limit public access to the Confidential Information. Pleadings or briefs quoting, discussing or containing Confidential Information will be accepted for filing as a restricted document and shall be subject to restriction until any motion to restrict is determined by the Court or for 14 days if no motion to restrict is filed. Any motion seeking to restrict public access to documents shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain

continuing jurisdiction to enforce the terms of this Protective Order.

11. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

12. The obligation to preserve the confidentiality of Confidential Material survives the termination of this action. The Parties will not use or share information of Confidential Material for any other matter. Confidential Material that is not in electronic format will, at the conclusion of the case, either be destroyed or be placed in a sealed box or envelope with a copy of this protective order attached. Confidential material in digital format will be maintained in file(s) which are designated as coming from confidential information subject to this Protective Order. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

13. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

14. The Parties stipulate and consent to making this Stipulation an order of the Court.

Respectfully submitted this 23 day of December, 2015.

BY THE COURT:

_____

~~Craig B. Shaffer~~
United States ~~Magistrate~~ Judge

5

APPROVED AS TO FORM:

s/Shimon Kohn
Shimon Kohn, Esq.
SHIMON KOHN, P.C.
14 West Costilla Street
Colorado Springs, CO 80903
719-328-9555 (phone)
719-447-1512 (fax)
skohn@kohndefense.com (e-mail)


s/Ann Phillips Kaufman
Ann Phillips Kaufman, Esq.
ANN KAUFMAN, P.C.
14 West Costilla Street
Colorado Springs, CO 80903
719-447-1511 (phone)
ann@annkaufman.com (e-mail)

and

s/John Philip Winegar
John Philip Winegar, Esq.
WINEGAR LAW, LLC.
303 South Cascade Ave., Suite 101
Colorado Springs, CO 80903
719-634-2336 (phone)
719-473-1666 (fax)
philwinegarlaw@msn.com (e-mail)
**ATTORNEYS FOR PLAINTIFF**
**ALEXIS MARIE ACKER**

s/Gordon L. Vaughan
Gordon L. Vaughan, Esq.
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
719-578-5500 (phone)
719-578-5504 (fax)
vnd@vaughandemuro.com
and
David R. DeMuro, Esq.
VAUGHAN & DeMURO
3900 East Mexico Avenue, Suite 620
Denver, CO 80210
303-837-9200 (phone)
303-837-9400 (fax)
ddemuro@vaughandemuro.com (e-mail)
**ATTORNEYS FOR DEFENDANT WALKER, INDIVIDUALLY**